UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARY GLASTEIN | Civil Action No: |
| *Plaintiff,* | 17-cv-7983 (PGS)(TJB) |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF AMERICA, *et al.*, | MEMORANDUM AND ORDER |
| *Defendants.* | |

This matter comes before the Court on Plaintiff Dr. Cary Glastein's Motion to Remand (ECF No. 11), and Defendants Horizon Blue Cross Blue Shield of New Jersey and International Vitamin Company's Motions to Dismiss pursuant Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 16 and 17). For the reasons discussed herein, Defendants' Motions to Dismiss are granted, and Plaintiff's Motion to Remand is denied as moot.

## BACKGROUND

This case arises from a dispute over reimbursement for medical services rendered by an out-of-network medical provider. Plaintiff Dr. Cary Glastein, resides in New Jersey and is "a Board Certified and Fellowship Trained Orthopedic Surgeon". (Complaint at ¶ 1). On August 29, 2016, Dr. Glastein performed lumbar spinal surgery on non-party J.P. (*Id.* at ¶ 17). Dr. Glastein alleges that J.P. "received health benefits through his employer, [IVC], which is a self-insured plan administrated by [D]efendant, BCBS." (*Id.* at ¶ 16). Plaintiff further avers that he "was a non-participating or out-of-network provider [who] rendered [the] medically necessary surgery." (*Id.* at ¶ 15). As an out of network medical provider, Plaintiff contacted BCBS, prior to performing

1

the surgery in order to obtain authorization to perform the surgery on J.P. (*Id.* at ¶ 22). In the Complaint, Plaintiff vaguely described this interaction between BCBS and himself:

> Plaintiff provided pre-authorized necessary medical services to patient, "JP" namely lumbar spinal surgery performed on August 29, 2016 consisting of a laminectomy at L3-4, posterior spinal fusion at L3-4, use of autologous bone graft along with I-FACTOR Peptide and placement of an SpF spinal stimulator to correct lumbar instability, lumbar spinal stenosis and adjacent segment degeneration at L3-4.

(*Id.* at ¶ 17).

In their responding papers, BCBS submitted the precertification authorization[1] it issued Plaintiff on July 26, 2016. (ECF No. 16-4, "Authorization"). The Authorization states, in pertinent part:

> This authorization determines the medical necessity of the services requested that require authorization are based upon the information provided. It is NOT a guarantee of payment. It is issued subject to the terms and limitations of your agreement and the member's benefit plan, and subject to the member being eligible at the time services are provided.

(*Id.*). Relying on BCBS's Authorization, Plaintiff performed the surgery. After completing the procedure, Plaintiff billed BCBS $260,275; however, BCBS only paid $8,949.13 -- leaving more than $250,000 in dispute. (Complaint at ¶¶ 18-20). Dr. Glastein alleges that he is "proceeding on [his] own individual claims concerning medical services provided to the patient, JP" and that the present matter is properly venued in State Court, since "[n]one of plaintiff's claims . . . are governed by federal law, including the Employee Retirement Income Security Act (ERISA)." (*Id.* at ¶¶ 10-11).

---

[1] "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)

2

On August 21, 2017, Plaintiff filed this Complaint in the Superior Court of New Jersey against BCBS and IVC seeking reimbursement for the difference between the amount billed and paid. Plaintiff asserts causes of action for breach of contract, promissory estoppel, account stated and fraudulent inducement.

On October 6, 2017, Defendants timely removed the case to this Court, based on federal question jurisdiction. (ECF No. 1). Specifically, Defendants contend that because the cases arises from a dispute over an "employee welfare benefit plan" so Plaintiff's state law claims are preempted by ERISA. Presently before the Court are Plaintiff's motion to remand and Defendants' cross-motions to dismiss.

### LEGAL STANDARD

On a motion to dismiss, the Court reviews the complaint to determine whether there are sufficient factual allegations that "provide the 'grounds of his 'entitle[ment] to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Phillips v. Cty. of Alleghany*, 515 F.3d 224, 231 (3d Cir. 2008). To show facial plausibility, there must be sufficient facts pled to allow the Court to draw a reasonable inference that the defendant is liable for cause of action alleged or, in this case, whether jurisdiction exists. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to determine facial plausibility, a court must undertake a three-step test: (1) the court must set forth the elements of the cause of action plaintiff must prove; (2) it must then "peel away" conclusory and legal opinions that are "not entitled to the assumption of truth"; and, finally, (3) it should assume the veracity of the well-pleaded facts and then determine plausibly of the cause of action. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 69 (3d Cir. 2011)). "This last step is 'a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In applying the pleading standard set forth in *Iqbal* and *Twombly*, the Court finds that the Complaint fails to pass muster since it lacks plausibility for several reasons. First, the Complaint alleges several statements that are purely legal conclusions and, therefore, are not entitled to the assumption of truth. Specifically, in paragraphs 10 and 11, Plaintiff alleges:

> 10. Plaintiff is proceeding on its own individual claims concerning medical services provided to the patient, JP.
>
> 11. This matter is properly venued in State Court. None of plaintiff's claims, as detailed infra, are governed by federal law, including the Employee Retirement Income Security Act ("ERISA"). See, *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 403-4 (3d Cir. 2004). (medical provider's claims not preempted by ERISA where (1) the medical provider's claims arose from a contract independent of the ERISA plan; (2) the patients were not parties to the contract between the provider and insurer; and (3) the dispute was limited to the amount of the payment, not the right to be paid.)

(Complaint at ¶¶ 10-11). Putting aside the fact that these are legal conclusions that need not be accepted as true, they also lack plausibility when considered against the other allegations in the Complaint. For example, Dr. Glastein alleges IVC "employed patient, JP and sponsored his health benefits" and "JP received health benefits through his employer [IVC], which is a self-insured plan administered by [D]efendant, BCBS." (Complaint at ¶¶ 8, 16). Accepting these factual allegations as true, it appears that Dr. Glastein's claims are based on J.P.'s ERISA plan, rather than some common law right of Dr. Glastein. In addition, it is hard to accept paragraphs 10 and 11 of the Complaint as true, when he is illogically proceeding against IVC and BCBS for the entire cost of the surgery, despite the fact that IVC has no relationship with Dr. Glastein and Dr. Glastein, himself, acknowledges that he is a non-participating provider. Moreover, Dr. Glastein fails to sue

4

his patient, J.P., who, more likely than not, has a contractual relationship with him for the cost of the surgery. Simply put, there is no way that Dr. Glastein, a highly educated "Board Certified and Fellowship Trained Orthopedic Surgeon" could reasonably think that he could circumvent ERISA and the managed health care system by alleging that he is solely exercising his common law rights.

To make matters worse, his assertion that BCBS's Authorization gives rise to some independent right is bogus. In his Complaint, Dr. Glastein alleges "Plaintiff provided *pre-authorized* necessary medical services to patient J.P." and that "[b]y authorizing the surgery [BCBS] agreed to pay the usual and customary rates for the medical services provided." (Complaint at ¶¶ 17, 26).[2] However, this assertion is in direct conflict with the clear and unequivocal language of the Authorization, which states that "it is NOT a guarantee of payment [and] it is subject to the terms and limitations of your agreement and the member's benefit plan." (ECF No. 16-4). As such, in light of that language, Dr. Glastein's allegations are false, and fail to adequately plead a plausible cause of action.

Obviously, the other allegations in the Complaint "relate to" an employee benefit plan, and as such, each cause of action is expressly preempted by ERISA.[3] ERISA's express preemption provision, Section 514(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan" as defined under the Act. 29 U.S.C. §

---

[2] Similar allegations are made in paragraphs 28, 32, 42, and 43 of the Complaint.

[3] It should be noted that courts in this district have taken different approaches in addressing whether an out-of-network provider's state law contract claims are preempted by ERISA. *Compare*, *Atl. Shore Surgical Assocs. v. Horizon Blue Cross Blue Shield*, No. 17-7534, 2018 U.S. Dist. LEXIS 90734 (D.N.J. May 31, 2018) *with Pascack Valley Hospital, Inc. v. Local 464A UCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). *See E. Coast Advanced Plastic Surgery v. AmeriHealth*, No. 17-8409, 2018 U.S. Dist. LEXIS 38900 (D.N.J. Mar. 9, 2018); *MHA, LLC v. Empire Healthchoice HMO, Inc.*, No. 17-6391, 2018 U.S. Dist. LEXIS 11909 (D.N.J. Jan. 25, 2018).

1144(a). "'Relate to' has always been given a broad, common-sense meaning, such that a state law '"relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 293-94 (3d Cir. 2014) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)). Under ERISA, "[t]he term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c). In addition, courts routinely find that state common law claims, such as those raised here, fall within the scope of ERISA preemption. *Menkes*, 762 F.3d at 294. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990); *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012). For this reason alone, Plaintiff's Complaint is dismissed with prejudice. Since the allegations are suspect, and any amendment to the Complaint would be futile.

Here, Plaintiff's four state common law claims, (1) breach of contract, (2) promissory estoppel, (3) account stated, and (4) fraudulent inducement, are all based on BCBS's Precertification Authorization. Specifically, in his breach of contract, promissory estoppel and fraudulent inducement claims, Plaintiff expressly avers that by receiving authorization to perform the surgery, he expected to be paid at the "usual, customary and reasonable" rate. (Complaint at ¶¶ 26, 28, 32, 42-43). However, as discussed above, the Authorization explicitly states that "it is *not* a guarantee of payment [and] is subject to the terms" of the benefit plan. In addition, Plaintiff's dispute over what is considered the "usual, customary and reasonable" rate, by necessity, requires consideration of the terms of the Plan, which sets forth the terms for receiving treatment by out-of-network providers and the payment or allowance that provider may receive. Simply put, the Court "cannot analyze Plaintiff's claims without referencing the Plan." *Atl. Shore Surgical Assocs.*, 2018 U.S. Dist. LEXIS 90734, at *12.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 13th day of August, 2018,

**ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 16, 17) are GRANTED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's motion to remand to state court and request for attorney's fees (ECF No. 11) is DENIED as moot.

_____
PETER G. SHERIDAN, U.S.D.J.